UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
FRANK ENG,                                    ANSWER

           Plaintiff,                     08 CV 02444 (RMB)

           v.                              ECF FILED

ONE SOURCE PRINTING & GRAPHICS, INC. AND
SEAN BURKE,

           Defendants.
---------------------------------------x

      Defendant, One Source Printing & Graphics, Inc ("One Source"), by its attorneys, HOEY, KING, TOKER & EPSTEIN, answers the Complaint of the plaintiff by stating as follows[1]:

      1. As there are no factual allegations set forth in the unnumbered paragraph on page one of the complaint, no response is required.

      2. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed in this Court as set forth therein.

      3. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed in this Court as set forth therein.

      4. Admits the allegations set forth in paragraph "3" of the complaint.

      5. Denies knowledge or information sufficient to form a basis of belief as to the truth of the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff is a former employee of One Source.

---

[1] Upon information and belief, defendant Sean Burke has not yet been personally served with Summons and Complaint.

6. Denies knowledge or information sufficient to form a basis of belief as to the truth of the allegations set forth in paragraph "5" of the complaint, except admits that One Source does, and continues to do, business in New York County, New York and engages in the production of goods for commerce.

7. Denies the allegations set forth in paragraph "6" of the complaint.

8. Admits the allegations set forth in paragraph "7" of the complaint.

9. Denies the allegations set forth in paragraph "8" of the complaint, except to the extent the allegations call for a legal conclusion then no response is required and to which defendant One Source respectfully refers the Court to 29 U.S.C. §§ 2601, et seq., the Family Medical Leave Act ("FMLA"), for a complete and accurate statement of its contents.

10. Denies knowledge or information sufficient to form a basis of belief as the truth of the allegations set forth in paragraph "9" of the complaint.

11. Admits the allegations set forth in paragraph "10" of the complaint.

12. Admits the allegations set forth in paragraph "11" of the complaint.

13. Denies the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff began working for One Source on September 1, 2004 as a Mounting Technician.

14. Admits the allegations set forth in paragraph "13" of the complaint.

15. Admits the allegations set forth in paragraph "14" of the complaint.

16. Admits the allegations set forth in paragraph "15" of the complaint.

17. Denies the allegations set forth in paragraph "16" of the complaint.

18. Denies knowledge or information sufficient to form a basis of belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admits that plaintiff left work early on January 11, 2008 for a purported medical reason.

19. Denies knowledge or information sufficient to form a basis of belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

20. Denies knowledge or information sufficient to form a basis of belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

21. Denies knowledge or information sufficient to form a basis of belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admits that plaintiff sent Sean Burke an email in January 2008 in which he communicated that he would be unable to return to work until January 28, 2008.

22. Denies the allegations set forth in paragraph "21" of the complaint, except admits that on or about January 21, 2008, Sean Burke told plaintiff via email message that plaintiff was terminated.

23. Denies the allegations set forth in paragraph "22" of the complaint.

24. Denies the allegations set forth in paragraph "23" of the complaint.

25. Denies the allegations set forth in paragraph "24" of the complaint.

26. In response to paragraph "25" of the complaint, defendant One Source repeats and realleges its responses in paragraphs "1" through "24" inclusive of the complaint as if fully set forth herein.

27. As there are no factual allegations set forth in paragraph "26" of the complaint, no response is required except that defendant respectfully refers the Court to 29 U.S.C. §§ 2601, et seq. for a complete and accurate statement of its contents.

28. Denies the allegations set forth in paragraph "27" of the complaint.

29. In response to paragraph "28" of the complaint, defendant One Source repeats and realleges its responses in paragraphs "1" through "27" inclusive of the complaint as if fully set forth herein.

30. As there are no factual allegations set forth in paragraph "29" of the complaint, no response is required except that defendant respectfully refers the Court to 29 U.S.C. §§ 2601, et seq. for a complete and accurate statement of its contents.

31. Denies the allegations set forth in paragraph "30" of the complaint, except denies knowledge or information sufficient to form a basis of belief as to allegations concerning the constructive discharge of a female employee.

32. In response to paragraph "31" of the complaint, defendant One Source repeats and realleges its responses in paragraphs "1" through "30" inclusive of the complaint as if fully set forth herein.

33. Denies knowledge or information sufficient to form a basis of belief as to the allegations set forth in paragraph "32" of the complaint.

34. Denies knowledge or information sufficient to form a basis of belief as to the allegations set forth in paragraph "33" of the complaint.

35. Denies the allegations set forth in paragraph "34" of the complaint.

36. Denies the allegations set forth in paragraph "35" of the complaint.

37. Denies the allegations set forth in paragraph "36" of the complaint.

38. Denies the allegations set forth in paragraph "37" of the complaint.

## FIRST DEFENSE

39. The complaint fails to state a claim upon which relief may be granted in whole or in part.

## SECOND DEFENSE

40. This action is barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

41. Any claims plaintiff is asserting for front pay or back pay are barred to the extent he has failed to mitigate damages.

## FOURTH DEFENSE

42. Plaintiff is an employee-at-will and any actions taken by defendant One Source were proper.

## FIFTH DEFENSE

43. Defendant One Source has not violated any rights, privileges or immunities granted to plaintiff under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## SIXTH DEFENSE

44. All actions taken with respect to plaintiff were accomplished for legitimate business reasons.

## SEVENTH DEFENSE

45. Plaintiff's defamation claims are barred by his failure to plead the claims with particularity.

## EIGHTH DEFENSE

46. Plaintiff's defamation claims are by his failure to plead special damages.

## NINTH DEFENSE

47. Punitive damages are not available under the FMLA.

## TENTH DEFESE

48. Plaintiff's claims for punitive damages are barred: this answering defendant did not engage in conduct with the required level of culpability to justify an award of punitive damages.

## ELEVENTH DEFENSE

49. At all times relevant to the complaint, defendant One Source acted reasonably, lawfully, in good faith, and in accordance with all applicable laws, rules, and regulations.

## TWELFTH DEFENSE

50. Some or all of Plaintiff's injuries are due, in whole or in part, to his own actions.

**WHEREFORE**, defendant One Source requests judgment dismissing the complaint against it and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

DATED:   April 8, 2008
         New York, New York

Yours, etc.,

**HOEY, KING, TOKER & EPSTEIN**
Attorneys for Defendant
**ONE SOURCE**
55 Water Street, 29th Floor
New York, New York 10041
(212) 612-4398

By: *[signature]*
Danielle M. Dandrige (DD 6635)

To:
Derek Todd Smith
Akin & Smith, LLC
Attorneys for Plaintiff
305 Broadway, Suite 1101
New York, New York 10007
(212) 587-0760

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## DECLARATION OF SERVICE

  The undersigned, an attorney admitted to practice in the courts of New York State and the Southern District of New York, shows: that she is employed in the office of Hoey, King, Toker & Epstein, and affirms this statement to be true under the penalties of perjury, pursuant to 28 U.S.C. § 1746:


That on the 8th day of May 2008 she served a copy of the annexed Answer


Upon: Derek Todd Smith
    AKIN & SMITH, LLC.
    Attorneys for Plaintiff
    300 Broadway, Suite 1101
    New York, NY 10007


being the address within the State theretofore designated by them for that purpose, by causing to be deposited a copy, of the same, in a postpaid First Class Mail properly addressed wrapper, in a post office or, official depository under the exclusive care and custody of the United States Postal Service within the State of New York,

Dated: New York, New York
   April 8, 2008

                     _____
                     Danielle M. Dandrige (DD 6635)

Index No.:  08 CV 02444 (RMB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANK ENG,

    Plaintiff,

  against

ONE SOURCE PRINTING & GRAPHICS, INC. AND SEAN BURKE,

    Defendants.

---

## ANSWER

---

HOEY, KING, TOKER & EPSTEIN
Attorneys for Defendants
**One Source Printing & Graphics, Inc.**
Office and Post Office Address
55 Water Street, 29th Floor
New York, New York 10041-2899
(212) 612-4200